IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEROMY SHAWN HAMILTON | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv281 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Jeromy Shawn Hamilton, an inmate confined at the Federal Medical Center in Fort Worth, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections should be overruled. The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted).

Here, Movant has presented no more than a garden variety claim of excusable neglect. Movant has failed to demonstrate that exceptional circumstances prevented him from filing his motion within the statutory period of limitations. In fact, Movant admits he miscalculated the limitations period. *Pro se* status does not excuse an untimely filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). As a result, the petition is barred by the statute of limitations.

Movant also asserts that the AEDPA is unconstitutional. The courts, however, have rejected the claim that § 2244 is

unconstitutional. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir.2000) (AEDPA does not violate suspension clause); *Turner v. Johnson*, 177 F.3d 390, 391-93 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) (AEDPA does not violate suspension clause or due process); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), cert. denied, 526 U.S. 1074 (1999) (AEDPA does not violate *ex post facto* clause); *Jordon v. Cockrell*, No. 3:01-CV1162-G, 2001 WL 1388015, at *2 (N.D.Tex. Nov. 6, 2001) (not designated for publication) (AEDPA does not violate suspension clause); *Chambers v. Cockrell*, No. 3:01-CV-1158-H, 2001 WL 1029462, at *2 (N.D.Tex. Aug. 28, 2001) (not designated for publication) (AEDPA does not violate suspension clause, due process, equal protection, and is not unconstitutional bill of attainder). Accordingly, this argument is without merit.

Further, the Court also understands Movant to assert that the Court imposed his sentence in a manner that violated the holding of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, the Court concludes Movant is mistaken. Although the Fifth Circuit Court of Appeals has yet to determine whether Booker applies retroactively to convictions that were already final when the rule was announced, the other circuit courts of appeals to consider the matter have uniformly held that *Booker* announced a new procedural rule which does not apply retroactively to initial habeas petitions pursuant to 28 U.S.C. § 2255.[1] This

---

[1] *See United States v. Morris*, No. 04-7889, 2005 U.S.App. LEXIS 23991, *20 (4th Cir. Nov. 7, 2005) (holding that *Booker* does not represent a new watershed rule of criminal procedure and that its rule is therefore not available for post-conviction relief for federal prisoners whose convictions became final before *Blakely* or *Booker* were decided); *Lloyd v. United States*, 407 F.3d 608, 614 (3rd Cir.2005) (joining its sister circuit courts of appeals in holding that *Booker* does not apply retroactively

Court agrees with the reasoning set forth by the Second, Third, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuit Courts of Appeals and accordingly determines that Movant is clearly not entitled to relief under *Booker's* holding.

O R D E R

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this __19__ day of __December__, 2005.

PAUL BROWN
UNITED STATES DISTRICT JUDGE

---

to initial motions under 28 U.S.C. § 2255 where the judgment was final as of January 12, 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir.2005) (holding that *Booker* is not retroactive and does not apply to judgments that were final before January 12, 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir.2005) (concluding that *Booker* does not apply to initial habeas corpus petitions brought pursuant to 28 U.S.C. § 2255); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir.2005) (holding that *Booker* does not apply retroactively to cases already final on direct review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) ("*Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005) ("We conclude ... that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").